**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ISOM W. HARRIS, IV, | DOCKET NUMBER |
| Appellant, | SF-0752-18-0538-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 21, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Melinda A. Harris, Lancaster, California, for the appellant.

Catherine V. Meek, and W. Jason Jackson, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an alleged suspension for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the basis for the jurisdictional dismissal, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed as Postmaster of the Lynwood Post Office in Lynwood, California. Initial Appeal File (IAF), Tab 1. On September 19, 2016, he was performing a route exam in Long Beach, California, when he was exposed to the sound of continued gunfire, causing flashbacks to his combat experience in the Gulf War and triggering an episode of posttraumatic stress disorder (PTSD). IAF, Tab 17 at 13. He took sick leave the following day, September 20, 2016, and remained in sick leave status through October 3, 2016. *Id.* at 16-20. On or about October 6, 2016, the appellant filed a claim with the Office of Workers' Compensation Programs (OWCP), seeking continuation of pay (COP) based on his September 19, 2016 injury. *Id*. at 14-15.

The record contains conflicting information as to whether the appellant returned to work. His time and attendance records indicate regular work hours for the period from October 4 through November 10, 2016, after which he reentered leave status.[2] *Id*. at 20-30. However, the agency asserts that the

_____

[2] Specifically, the time records indicate that the appellant was on paid administrative leave from November 14 through December 2, 2016; leave under the Family and Medical Leave Act from December 5, 2016, through February 28, 2017; regular sick or

appellant did not return to work or attempt to do so at any point after September 19, 2016. *Id*. at 5, 9. For his part, the appellant states that he returned to work on October 4, 2016. Petition for Review (PFR) File, Tab 1 at 7. He further alleges that he was scheduled to give a testimonial at a meeting on October 7, 2016, but that on that same day the agency called him to a meeting at the district office and placed him on administrative leave, effective immediately, pending investigation into alleged misconduct. IAF, Tab 1 at 6, Tab 18 at 3, Tab 19 at 3. According to the appellant, the agency's unexpected action aggravated his PTSD, rendering him permanently disabled, and he remained absent thereafter. IAF, Tab 9 at 3; PFR File, Tab 1 at 7-8.

In a subsequent undated letter, the appellant advised the agency that he had suffered an aggravation to his injury on October 7, 2016—the day of his placement on administrative leave—and wished to file a CA-2 form in connection with his pending OWCP claim. IAF, Tab 17 at 103. He further stated that the agency had incorrectly recorded work hours instead of leave, and he requested either COP or sick leave through a period ending November 4, 2016. *Id*. In support of his request, the appellant provided medical documentation, including an October 24, 2016 letter from a marriage and family therapist and an October 26, 2016 letter from his treating physician. *Id*. at 104-05. The therapist opined that the appellant suffered from PTSD as a result of his war experience, and that the symptoms had been exacerbated by "uncertainty about his job situation," resulting from the sudden death of his former regional manager, and also by his assignment to deliver mail near a shooting range. *Id*. at 104. He further stated that the appellant had suffered "what clearly seems hostile treatment by some of his superiors," and that he was considering disability retirement. *Id*. The appellant's physician opined that the appellant "is currently disabled due to [PTSD]. He is not able to perform his duties as Postmaster of the

annual leave from March 1 through August 18, 2017; and leave without pay (LWOP) beginning August 21, 2017, and continuing through the remainder of his employment. IAF, Tab 17 at 20-102.

Lynwood Post Office.  I anticipate that this condition will last more than a year."
*Id*. at 105.

On November 17, 2016, the appellant completed an application for disability retirement.[3]  *Id*. at 106-14.  In his statement of disability, he indicated that he suffered from PTSD, that the agency had taken actions that aggravated his condition, and that as a result he was unable to perform his duties as Postmaster. *Id*. at 114.  On August 21, 2017, he entered leave without pay (LWOP) status, having exhausted his sick and annual leave.  IAF, Tab 1 at 6, Tab 17 at 73.

On December 7, 2017, the agency proposed to remove the appellant on misconduct charges unrelated to his absences.  *Harris v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0448-I-1, Initial Appeal File (0448 IAF), Tab 5 at 16-31.  The deciding official sustained the proposed action, and the appellant was removed effective March 17, 2018.  *Id*. at 10-14.  The appellant then filed a timely Board appeal contesting his removal.[4]  0448 IAF, Tab 1.  During a close of record conference on May 21, 2018, the appellant asserted that he was not paid during the period he was under investigation, beginning in October 2016.  0448 IAF, Tab 19 at 3.  The administrative judge observed that the appellant appeared to have raised a claim of a constructive suspension or an enforced leave action. *Id*. at 3.  She invited the appellant to file a separate appeal and advised him of the jurisdictional standards applicable to both types of actions.  *Id*. at 3-6.

---

[3] The copy provided by the agency omits portions of the application, most notably the Supervisor's Statement, which may have served to clarify the circumstances surrounding the appellant's absences.  We take notice that the Board has before it the record in the appellant's pending appeal of the Office of Personnel Management's decision denying his application.  *Harris v. Office of Personnel Management*, MSPB Docket No. SF-844E-18-0486-I-1; *see* 5 C.F.R. § 1201.64 (stating that the Board may take official notice of verifiable facts); *Woodjones v. Department of the Army*, 89 M.S.P.R. 196, ¶ 15 (2001) (taking official notice of actions in another Board appeal).

[4] On September 7, 2018, the administrative judge issued an initial decision affirming the removal action.  *Harris v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0448-I-1, Initial Decision.  Neither party filed a petition for review of that decision, which is now the final decision of the Board.

On May 24, 2018, the appellant filed the instant appeal. IAF, Tab 1. He identified the agency's action as "constructive suspension/enforced leave," with an effective date of October 7, 2016. *Id* at 4. He alleged that during the period from October 7, 2016, when he was notified of his placement on paid administrative leave, to December 7, 2017, when the notice of proposed removal was issued, the agency had in fact failed to pay him, and that the loss of pay caused irreparable mental and physical harm. *Id*. He indicated he did not want a hearing. *Id*. at 2.

The administrative judge advised the appellant of his burden of proof on jurisdiction and timeliness and ordered him to file evidence and argument addressing those issues. IAF, Tab 2. The appellant filed several pleadings in response. IAF, Tabs 3-6, 9-13. The agency filed a motion to dismiss the appeal, contending that the appellant's appeal was untimely filed and that he failed to make a nonfrivolous allegation that his absence from work was involuntary. IAF, Tab 17.

Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 23, Initial Decision (ID). Regarding the constructive suspension claim, the administrative judge found that the appellant was unable to work, and thus did not have a meaningful choice as to whether to return to duty, but that it was not the agency's actions that deprived him of that choice. ID at 3-7. The administrative judge also did not credit the appellant's assertion that the agency initiated his absence by placing him on administrative leave on October 7, 2016. ID at 8. Having concluded that the Board lacked jurisdiction over the appeal, the administrative judge did not reach the issue of timeliness. *Id.*

On petition for review, the appellant contends the agency falsified his time and attendance records by marking regular work hours during the period from October 7, 2016, through November 10, 2016. PFR File, Tab 1 at 6. He asserts that he did not leave the agency voluntarily on October 7, 2016, and he provides a

copy of a July 13, 2018 memorandum from his union representative, who relates that the agency placed the appellant on paid administrative leave effective October 7, 2016.[5]  *Id*. at 2-3.  The appellant further claims the agency's October 7, 2016 action aggravated his PTSD, leading to his permanent disability and the loss of his career.  *Id*. at 7-8.  The agency has filed a response, to which the appellant has replied.  PFR File, Tabs 3, 4.

## ANALYSIS

The appellant bears the burden of proving jurisdiction by a preponderance of the evidence.  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  As relevant here, appealable actions include suspensions of more than 14 days.  5 U.S.C. § 7512(2).

The appellant appears to argue that he suffered an appealable suspension on two theories.  First, he alleges that the agency suspended him when it placed him on enforced leave beginning October 7, 2016.  He also argues that he suffered a constructive suspension because the agency's October 7, 2016 action aggravated his PTSD, rendering him permanently disabled and depriving him of the choice to return to work at a later date, including the period he was in LWOP status.  *See Romero v. U.S. Postal Service*, 121 M.S.P.R. 606, ¶¶ 5-8 (2014) (distinguishing between enforced leave actions, which do not purport to be voluntary, and constructive suspensions, in which leave that appeared to be voluntary actually

---

[5]  While the July 13, 2018 memorandum postdates the initial decision in this appeal, the appellant has not established that the information contained therein is new, i.e., that it was previously unavailable despite his due diligence.  *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (holding that to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); 5 C.F.R. § 1201.115(d).  Thus, the memorandum does not by itself serve as grounds for review.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  Nonetheless, we find it plausible that the agency did in fact place the appellant on paid administrative leave beginning October 7, 2016.

was not); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 7, 9-10 (2014) (same). We find the appellant did not establish jurisdiction on either theory.

Generally, an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction. *Id.*, ¶ 10. However, the pertinent statute defines a "suspension" as "the placing of an employee, for disciplinary reasons, in a temporary status *without duties and pay*." 5 U.S.C. §§ 7501(2), 7511(a)(2) (emphasis added). For this reason, the Board lacks jurisdiction over an agency's decision to place an employee on paid administrative leave. *See, e.g., Reymann v. U.S. Postal Service*, 77 M.S.P.R. 407, 409 (1998). Thus, accepting as true the appellant's claim that he was involuntarily placed on paid administrative leave effective October 7, 2016, the agency's action did not constitute an appealable suspension within the Board's jurisdiction. While we agree with the appellant that his time and attendance records are incorrect in reporting work hours, rather than administrative leave, for the period from October 7 through December 2, 2016, he has provided no evidence, such as earnings and leave statements or bank records, to corroborate his claim that the agency failed to pay him during that period.

We have also considered whether the appellant's absences beginning August 28, 2017, when he entered LWOP status, constitute a constructive suspension within the Board's jurisdiction. As the Board explained in *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397 (2013), all constructive suspensions have two things in common: (1) the appellant lacked a meaningful choice as to whether to return to work; and (2) it was the agency's wrongful actions that deprived the employee of that choice.[6] *Id.*, ¶ 8. Regarding the first element, we find the appellant lacked a meaningful choice in the matter, as it is undisputed

---

[6] The initial decision erroneously states that the question of who initiated the absence remains the dispositive issue in "enforced leave type constructive suspensions." ID at 5-6. These do not exist. As the Board clarified in *Abbott*, 121 M.S.P.R. 294, ¶ 10, the placement of an employee on enforced leave for more than 14 days is an ordinary suspension within the Board's jurisdiction, and the case law concerning constructive suspensions is not applicable to such a case.

that he was medically incapable of returning to his job as Postmaster. *See id.,* ¶ 13 (rejecting the notion that working outside medical restrictions is a viable option for Federal employees).

As to the second element, the appellant argues that the agency aggravated his PTSD, rendering him permanently disabled, when it placed him on administrative leave without warning, pending investigation into alleged misconduct. PFR File, Tab 1 at 7-8. Thus, in his view, it was the agency's wrongful actions that deprived him of a meaningful choice whether to return to work. However, apart from the appellant's own conclusory statements, the only record evidence that might lend support to that conclusion is the October 24, 2016 letter from the appellant's marriage and family therapist, who opined that the appellant's PTSD was aggravated by "uncertainty about his work situation" and "hostile treatment by some of his superiors." IAF, Tab 17 at 104. We find these vague statements do not amount to preponderant evidence that the agency took wrongful actions that were so injurious as to cause the appellant's incapacitation. Moreover, the appellant has not demonstrated that the agency acted improperly in assigning him to the route in Long Beach, or in placing him on paid administrative leave pending an investigation that ultimately resulted in his removal. Accordingly, we find the appellant has failed to show by preponderant evidence that he suffered an appealable constructive suspension.

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        *Gina K. Grippando*
                              _____
                              Gina K. Grippando
                              Clerk of the Board

Washington, D.C.